KAHN ENGINEERING CO., Inc., Appellant,

v.

AMERICAN SECURITY & TRUST COMPANY, a banking corporation, Appellee.

No. 14394.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 29, 1958.

Decided Dec. 11, 1958.

As Amended Feb. 26, 1959.

Petition for Rehearing Denied March 2, 1959.

---

3. 1956, 351 U.S. 149, 153–154, 76 S.Ct. 753, 756, 100 L.Ed. 1027.

4. Compare N. L. R. B. v. Truitt Mfg. Co., supra, with N. L. R. B. v. F. W. Woolworth Co., supra.

**486**

Mr. Carl W. Berueffy, Washington, D. C., for appellant.

Mr. J. Roy Thompson, Jr., Washington, D. C., with whom Mr. Bernard J. Gallagher, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Kahn Engineering Co., Inc., sued American Security & Trust Company to recover $23,069.41, alleging the bank accepted for deposit by another, and collected the proceeds of, a check for that sum payable to it but bearing an unauthorized endorsement. The check was endorsed as follows:

> "Kahn Engineering Co.
> L. Ray Troxell, Jr.
> President
> Deposit to account of
> Academy Construction, Inc."

The American Security & Trust Company brought in a number of third-party defendants, including the endorser of the check and one Herbert L. Bright, at whose direction the endorsement had been made.

■ Among several defenses, the answer of the third-party defendants contained the following:

> "Third party defendants further aver that plaintiff has no interest in this action in that, on to-wit, September 3, 1954, subsequent to the negotiation of the check herein in issue, plaintiff assigned all of its right, title and interest in and to any indebtedness due it by Academy Construction, Inc., (Kahn Engineering Co. of Md., Inc., and/or Herbert Lawrence Bright Co., Inc.,) unto third party defendant, Herbert Lawrence Bright, which assignment included of necessity any claim for indebtedness upon the check herein."

A written assignment of that nature was filed as an exhibit.

Even assuming that the above assignment was ineffective as to the subject matter of this litigation, plaintiff failed to make out a prima facie case that it was the named payee of the check in question. There was no evidence whatsoever as to the actual intent of the maker, and it could reasonably be inferred from the record that plaintiff was not the named payee. Plaintiff thus failed to produce any evidence on a critical point of its case.

At the conclusion of plaintiff's evidence, the trial judge directed a verdict for the defendant. Kahn Engineering Co. appeals. We find no error.

Affirmed.